**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 14 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KRISTINA M. DENNIS, AKA Kristina M. Hilditch,<br><br>  Plaintiff - Appellant,<br><br>  v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security Administration,<br><br>  Defendant - Appellee. | No. 13-35840<br><br>D.C. No. 6:12-cv-00417-CL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Submitted July 8, 2015[**]
Portland, Oregon

Before: N.R. SMITH and OWENS, Circuit Judges and HAYES,[***] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable William Q. Hayes, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Kristina Dennis appeals the district court's order, affirming the Commissioner of Social Security's denial of her application for disability insurance benefits under Title II of the Social Security Act. Dennis challenges the Administrative Law Judge's (ALJ) decision, arguing that the ALJ (1) failed to follow the Appeals Council's remand order; (2) failed to properly address Dennis's mental impairments under Step Two; and (3) failed to address transferability of skills under Step Five. Because the ALJ's findings are not based on legal error and are supported by substantial evidence, we affirm. *See Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

1.      The ALJ did not fail to follow the Appeals Council's remand order. As instructed, the ALJ recontacted Dr. Birchard, requesting and receiving additional records from her. The remand order does not require the ALJ specifically address the new documents or alter its previous decision. The ALJ also had a medical expert testify. Dennis argues that, because the medical expert was equivocal in his testimony, he was not a proper witness, and the matter should be remanded to have a qualified expert testify. There is no merit to this position. The medical expert was only equivocal about whether Dennis met any listing, because there was no objective medical evidence to support her claims.

2

2.      The ALJ did not err at Step Two in concluding that Dennis's mental impairment was not severe.  Dennis argues that the ALJ failed to properly address her mental impairment as required under 20 C.F.R. § 404.1520a.  We disagree. The ALJ provided a specific finding with regard to Dennis's degree of limitation in each of the required functional areas. § 404.1520a(e)(4).  *See Hoopai v. Astrue*, 499 F.3d 1071, 1077 (9th Cir. 2007) (as long as the ALJ's decision rated and assessed the claimant's limitations in the four functional areas, additional "more specific findings" were not necessary).

3.      Substantial evidence supports the ALJ's conclusion that Dennis could perform semi-skilled work in the national economy at Step Five.  The ALJ found that Dennis's past work was not performed at a Substantial Gainful Activity level, and thus, she had no past relevant work.  Dennis argues the ALJ erred in concluding that Dennis could perform semi-skilled work, because she had no transferable skills.  But, the ALJ correctly concluded that "[t]ransferability of job skills [wa]s not an issue." *See* 20 C.F.R. § 404 app. 2 § 202.13; SSR 82-41.  As required, the ALJ considered Dennis's residual functional capacity, age (a younger individual, *see* 20 C.F.R. § 404.1563(c)), education (high school graduate), and work experience (part-time beautician) in conjunction with the Medical-Vocational Rules for guidance.  20 C.F.R. § 404 app. 2 § 200.00(a).  The Grid listings in 20

3

C.F.R. § 404 app. 2 support a conclusion that persons, such as Dennis (with her age and education), cannot rely on a lack of transferable skills to overrule an unfavorable disability determination. Further, even assuming that the ALJ erred in not making specific findings with regard to Dennis's transferable skills, any error was harmless. *See Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991). The ALJ specifically asked the vocational expert about Dennis's transferable skills. The vocational expert testified that, even though Dennis's past work was part time, the skills she learned as a beautician were experienced over such an extended period of time so as to qualify as transferable work skills. The vocational expert identified the specific skills that Dennis acquired through her work as a beautician and explained how those skills would transfer to the identified semi-skilled jobs. Thus, any failure on the ALJ to specifically identify transferable skills was harmless, because it was "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

**AFFIRMED**.